IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CRIMINAL ACTION NO. 4:03-CR-6 |
| RICHARD ANDREW HARPER, | § | CRIMINAL ACTION NO. 1:04-CR-90 |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 10, 2019, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Heather Rattan.

Richard Andrew Harper was sentenced in Cause No. 4:03CR6 on July 11, 2003, before The Honorable Leonard Davis of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of V, was 70 to 87 months. Richard Andrew Harper was subsequently sentenced to 78 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, participation in drug treatment and testing, and a $100 special assessment fee.

In Cause No. 1:04CR90, Richard Andrew Harper was sentenced on March 2, 2005, before The Honorable Ron Clark of the Eastern District of Texas after pleading guilty to the offense of Assault on a Federal Inmate with a Dangerous Weapon, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of VI, was 63 to 78 months. Richard Andrew Harper was subsequently sentenced to 60 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include participation in drug treatment and testing and a $100 special assessment fee. On August 3, 2016, Richard Andrew Harper completed his period of imprisonment and began service of the supervision term. On May 24, 2019, this case was assigned to The Honorable Marcia A. Crone

On June 10, 2019, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Cause No. 4:03-CR-6 Dkt. 33, Sealed; Cause No. 1:04-CR-90, Dkt. 44, Sealed].  The Petition asserted that Defendant violated six (6) conditions of supervision, as follows: (1) the defendant shall not commit another federal, state, or local crime; (2) the defendant shall not unlawfully possess a controlled substance; (3) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;  (4) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment; (5) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; and (6) the defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation office, until such time as the defendant is released from the program by the probation officer.

REPORT AND RECOMMENDATION – Page 2

The Petition alleges that Defendant committed the following acts: (1) On December 31, 2018, the defendant was arrested by the Benbrook Police Department for Public Intoxication. The defendant was later released and on February 28, 2019, appeared in the Benbrook, Texas, Municipal Court, entered a guilty plea, and paid a $200 fine.; (2), (3), On April 9, 2019, the defendant admitted verbally and in writing to the probation officer that started using Hydrocodone without a valid prescription approximately two weeks prior.  On April 16, 2019, the defendant admitted to the probation officer, verbally and in writing, that he began using methamphetamine and marijuana in or about March 2019 and on April 15, 2019. On May 1, 2019, the defendant admitted to the probation officer, verbally and in writing, that he used methamphetamine and marijuana on or about April 29, 2019. On May 22, 2019, the defendant admitted to the probation officer, verbally and in writing, that he used methamphetamine and marijuana daily between May 3, 2019 and May 22, 2019; (4) The defendant changed residences on or about March 25, 2019. The change was residence was discovered by the probation officer on April 11, 2019. The defendant failed to notify the probation officer of his change of residence; (5) The defendant failed to notify the probation officer within 72 hours of arrest by the Benbrook Police Department; and (6) On April 29, 2019, the defendant failed to submit a urine specimen at Helping Open Peoples Eyes (HOPE), in Fort Worth, Texas.  On May 3, 2019, the defendant failed to report to the Salvation Army, in Dallas, Texas, to enter their residential program as instructed by the probation officer.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 1 through 6 of the Petition.  Having considered the Petition and the plea of true to all allegations, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in FCI Fort Worth, if appropriate.

**SIGNED this 19th day of August, 2019.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE